UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DESHON M. CARMOUCHE**           **CIVIL ACTION NO.**

**VERSUS**

**DOUG MCMILLON**          **24-672-SDD-EWD**

### RULING AND ORDER OF DISMISSAL

Deshon M. Carmouche ("Carmouche"), who is currently representing himself, has served Defendant with process in this case, which has been pending for eight months. Carmouche's claims against "Doug McMillon-Walmart Super Center" ("Defendant") will be dismissed without prejudice on the Court's own motion for failure to serve and prosecute under Federal Rules of Civil Procedure 4(m), Federal Rule of Civil Procedure 41(b), and/or Local Civil Rule 41(b)(1)(A).[1]

### I. BACKGROUND

On August 15, 2024, Carmouche, who is not represented by a lawyer, filed an "Appearance Brief in the Nature of Judicial Notice," against Defendant in this Court, which the Court considered a Complaint.[2] Carmouche's claims are unclear, but it appears that he is claiming that he holds a federal land patent on the land upon which the WalMart in

---

[1] *See* Fed. R. Civ. P. 4(m), which allows a court to dismiss a case on its own motion for lack of prosecution and *Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985) ("Fed. R. Civ. P. 41(b) authorizes the district court to dismiss a claim for failure of prosecution. Although the rule speaks of dismissal pursuant to a motion by the defendant a district court may dismiss *sua sponte,* with or without notice to the parties. This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases.") (citing *Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). As noted in prior Orders, it is not clear that the Court has subject matter jurisdiction over Carmouche's claims in this case.

[2] R. Doc. 1. It is unclear whether Carmouche intended to name both McMillon, the alleged president and chief executive officer of Walmart, *and* Walmart as defendants, or just intended to name McMillon on behalf of Walmart as the defendant. R. Doc. 1-3, p. 2 and R. Doc. 1, p. 1, *see* caption. The Complaint incorrectly refers to McMillon and Walmart as "Plaintiff," and to Carmouche as "Defendant."

Marksville, Louisiana is built, which he says is a trespass. Carmouche sent a settlement demand and affidavits to Defendant to establish his alleged property rights, and he now seeks for the Court to enforce the settlement agreement against Defendant due to Defendant's failure to respond to it.[3] Following an Order by the Court to either pay the Court's filing fee or to ask for permission to file suit without prepaying the filing fee, Carmouche paid the Court's filing fee.[4]

Because there was no evidence of a request by Carmouche for the Clerk of Court to issue a summons to Defendant; no service information for Defendant in the record; no evidence of a waiver of service by Defendant; and no appearance by Defendant in the case, Carmouche was ordered to show cause in writing why his claims should not be dismissed for failure to serve Defendant. Carmouche was ordered to file a response, explaining his reasons for failing to timely serve Defendant, or to provide proof that Defendant waived service of process. The show cause response was due by April 9, 2025, and Carmouche was told that his failure to comply with the show cause order could result in dismissal of this suit without further notice.[5] The March 12, 2025 show cause Order was delivered to Carmouche's address of record.[6] Carmouche has not complied with the Show Cause Order and has not made any requests for more time to respond.

---

[3] R. Doc. 1-1, pp. 2-10 and R. Doc. 1-3, pp. 1-6.

[4] R. Doc. 2.

[5] R. Doc. 11. Carmouche was also told that, if he did not want to proceed with his claims, he could file a notice of dismissal, instead of a show cause response, by the same date. *Id.*

[6] R. Doc. 13.

## II.     LAW AND ANALYSIS

### A. Carmouche Has to Serve Defendant with Process as Ordered and Has Failed to Prosecute His Claims

Fed. R. Civ. P. 4(m) applies to service on Defendant, and provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Furthermore, Fed. R. Civ. P. 41(b) provides:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b)…operates as an adjudication on the merits.

A district court may dismiss a case on its own motion under Rule 41(b) with or without notice to the parties.[7]  Finally, Local Civil Rule 41(b) provides:

(b) Dismissal for Failure to Prosecute.

> (1) A civil action may be dismissed by the Court for lack of prosecution as follows:
>     (A) Where no service of process has been made within 90 days after filing of the complaint…
>
> (2) Prior to issuance of a dismissal, notice shall be sent to the plaintiff, and plaintiff shall be allowed fourteen calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act. If no response is received within the allotted time, the Court may dismiss the civil action…

---

[7] *See Boudwin,* 756 F.2d at 401.

At this time, there is no evidence in the record of service of process on Defendant in violation of Local Rule 41(b)(1)(A) and Fed. R. Civ. P. 4(m), nor has Defendant appeared. Carmouche has been given enough time to serve Defendant but has failed to do so or to otherwise respond to the Show Cause Order. This also means that Carmouche has failed to comply with a Court Order and has failed to prosecute his claims, which have been pending for over eight (8) months. Carmouche was warned that his failure to comply with the Court's Order could lead to dismissal of his claims, but he still has not responded. For these reasons, Carmouche's claims against Defendant in this case will be dismissed without prejudice on the Court's own motion.[8]

## III.  ORDER

Accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that, pursuant to Fed. R. Civ. P. 41(b) and Local Civil Rule 41(b)(1)(A), all claims of Plaintiff Deshon M. Carmouche against Doug McMillon-Walmart Super Center be **DISMISSED WITHOUT PREJUDICE** due to Carmouche's failure serve Defendant with process and failure to prosecute his claims.

**IT IS FURTHER ORDERED** that Deshon M. Carmouche's shall have the right to seek reinstatement of his claims against Defendant Doug McMillon-Walmart Super Center within thirty (30) days of this Ruling and Order upon a showing by Camouche of good cause.

---

[8] *Boudwin,* 756 F.2d at 401 and *Davis v. Cnty. of Dallas,* No. 19-1494, 2020 WL 1259143, at *2 (N.D. Tex. Feb. 18, 2020), report and recommendation adopted, No. 19-1494, 2020 WL 1249636 (N.D. Tex. Mar. 13, 2020) (dismissing the *pro se* plaintiff's case without prejudice due to the plaintiff's failure to timely serve summonses and copies of his complaint on the defendants as required by the Federal Rules of Civil Procedure and failure to follow a court order).

**IT IS FURTHER ORDERED** that the Clerk of Court shall send this Order and Judgment to Plaintiff Deshon M. Carmouche by regular and certified mail, return receipt requested, to his address on PACER.

Baton Rouge, Louisiana on _April 23_, 2025.

_Shelly Dick_
SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA